OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, finding defendant-appellant, Andrea Warren, guilty of aggravated arson, in violation of R.C. 2909.02 (A) (2), and sentencing her to an indefinite incarceration term of not less than five years, nor more than twenty-five years.
On September 16, 1994, appellant and her boyfriend, Willard Scott (Scott), with whom she lived, were engaged in a domestic dispute. (Tr. 129). During this dispute, Scott told appellant that he did not want her or any of her five children to live with him. (Tr. 129). Officers from the Youngstown Police Department were dispatched to the scene and they told appellant that she would have to leave since the house was leased in Scott's name. (Tr. 131-132). Appellant thereafter left with the police. (Tr. 134).
Later that evening, appellant returned with her children to Scott's home. (Tr. 135). Appellant tried to enter the house, but Scott, who was confined to a wheelchair, began throwing hubcaps at her and her children through the front door, thus preventing appellant from entering the home. (Tr. 45-48). Appellant retreated from her initial attempt to enter the home, but spotted a brown paper bag on the front porch. (Tr. 137-138). Appellant tore the bag into small pieces and proceeded to light three of these pieces and throw them onto the front porch. (Tr. 138). Each of these pieces of paper burned out in the wind. (Tr. 49).
Appellant then caught another piece of paper on fire and instructed her son to throw the paper into the front door, which he did, but the paper fizzled out. (Tr. 49). Appellant then ignited yet another piece of paper and again instructed her son to throw the paper into the front door of the house and the son did as instructed. (Tr. 49). The house thereafter caught fire, and while the fire grew, appellant shouted, "burn, bastard, burn." (Tr. 50). Scott escaped unharmed, however, the fire consumed the home.
Appellant was charged with aggravated arson. During the trial, plaintiff-appellee, State of Ohio, presented three witnesses: Joseph Jasinski (Jasinski), the fire department battalion chief, Florence Carr (Carr), a neighbor of Scott, and Robert Sharp (Sharp), a fire investigator assigned to this incident. Appellant testified on her own behalf and presented Joseph Caraballo (Caraballo), an additional fire investigator assigned to this incident. Appellee then presented Sharp as a rebuttal witness.
Appellant was found guilty of aggravated arson and had previously pled guilty to a charge of aggravated robbery. Appellant was sentenced to an indefinite incarceration term of not less than five years, nor more than twenty-five years for aggravated arson and was also sentenced to an indefinite incarceration term of not less than five years, nor more than twenty-five years for aggravated burglary, and these sentences were to be served concurrently. Appellant subsequently appealed.
Appellant's sole assignment of error alleges:
 "Appellant's conviction for aggravated arson was against the manifest weight of the evidence.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court discussed the issue of manifest weight of the evidence, stating:
 "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis added.) Black's, supra, at 1594.
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a `"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony. * * * (`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')."
 Moreover, as stated in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.* * *" (Emphasis added).
Furthermore, it is the obligation of the trier-of-fact to evaluate the credibility of the witnesses and determine the weight to be placed upon the evidence. State v. DeHass (1967),10 Ohio St.2d 230 and State v. Scott (1986), 26 Ohio St.3d 92. It was within the purview of the jury to believe one witness more than another and this court will not substitute its judgment for that of the trier-of-fact.
Appellant argues that her conviction of aggravated arson was against the manifest weight of the evidence. R.C. 2909.02 states:
 "(A) No person, by means of fire or explosion, shall knowingly do any of the following:
"* * *
"(2) Cause physical harm to any occupied structure."
Appellant states that appellee presented three witnesses, but maintains that none of these witnesses established her guilt beyond a reasonable doubt. Appellant argues that Jasinski's testimony was not probative and actually injured appellee's case because he testified that there was no trace of an accelerant on appellant's hands, thus removing physical evidence against appellant. (Tr. 40).
Appellant states that Carr testified that she heard appellant tell her son to throw two lighted pieces of paper into the front door, and that she heard appellant yell, "burn, bastard, burn." (Tr. 50). Appellant argues that Carr's testimony was unreliable because Carr lived approximately four houses down from Scott's home, thereby raising questions about her ability to witness the events. Appellant further contends that this testimony became suspect when Carr testified that she could not tell what appellant and Scott were arguing about. (Tr. 48). Appellant maintains that Carr's credibility was damaged when she did not give a statement to police and only reported her account of the incident after watching the news, where she saw Scott was charged with committing the crime. (Tr. 53-54). Appellant also argues that Carr's testimony should not have been given much weight because Carr testified that the papers which appellant threw onto the front porch fizzled out, and Carr admitted that there could have been another cause of the fire. (Tr. 75).
Furthermore, appellant states that Sharp and Caraballo, who both investigated the incident, recounted appellant's statement given shortly after the incident. In that statement, appellant explained that it was Scott who started the fire. (Tr. 88, 119). Appellant argues that this evidence should have been given great weight because she testified consistently with this previous statement, maintaining again that Scott took one of the papers from the porch and caught the curtain on the side wall of the living room on fire. (Tr. 164-166). Appellant argues that all of this testimony demonstrates that a rational trier-of-fact could not have found that she was guilty beyond a reasonable doubt.
The record indicates that Carr's testimony was reliable because she testified that she heard appellant and Scott arguing, that she witnessed Scott throwing hubcaps at appellant, and that she witnessed appellant throwing lighted papers onto the front porch of Scott's home, and appellant testified that all such testimony was accurate. (Tr. 160-161). Furthermore, Sharp and Caraballo both testified that appellant told them that she threw burning paper onto Scott's front porch, which reinforces Carr's reliability. (Tr. 83, 119). Appellant's recollection that she instructed her son to throw burning pieces of paper into Scott's home was similarly reliable. Additionally, Sharp testified that the origin of the fire was the curtains or a blanket hung on the front wall picture window, about three feet from the front door. (Tr. 86-88). This contradicts appellant's testimony that Scott started the fire on a window located on a side wall, and was consistent with Carr's testimony that appellant instructed her son to throw burning paper into the front door. (Tr. 166). However, the trier-of-fact would resolve this conflict of testimony, and determine the credibility to be given to these witnesses. DeHass, supra. Sharp further testified that the curtains were extremely combustible, which supports an inference that a burning paper thrown into the front door could have started the fire. (Tr. 88). Furthermore, Carr had a friendly relationship with appellant, so she did not have motive to lie. (Tr. 153).
In State v. Nicely (1988), 39 Ohio St.3d 147, the Ohio Supreme Court held that circumstantial evidence may be sufficient to support a conviction. The testimony presented provided sufficient circumstantial evidence to demonstrate that appellant was guilty of aggravated arson beyond a reasonable doubt.
Moreover, although Jasinski testified that an accelerant was not found on appellant's hands, Sharp testified that an accelerant was not used in starting the fire. (Tr. 89). Appellant further admitted that the fire was intentionally started. (Tr. 149). Therefore, the testimony presented supports appellant's conviction of aggravated arson beyond a reasonable doubt.
Based upon the fact that Carr testified that she heard appellant instruct her son to throw burning paper into the front door, and upon the fact that Sharp testified that the origin of the fire was on the front window, three feet from the front door, which contradicted appellant's testimony and supported Carr's testimony, there was sufficient circumstantial evidence upon which to base appellant's conviction. Nicely, supra. Furthermore, the trier-of-fact determined the credibility of the witnesses and clearly believed appellee's witnesses over those presented by appellant and over appellant's testimony. Therefore, viewing the evidence in a light most favorable to the prosecution, the trier-of-fact did not lose its way as there was sufficient circumstantial evidence to support appellant's conviction, and a rational trier-of-fact could have determined that appellant was guilty of aggravated arson beyond a reasonable doubt. Jenks,supra.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Vukovich, J., Waite, J., concurs.
APPROVED:
 __________________________________ EDWARD A. COX, PRESIDING JUDGE